540                     February 25, 2026                     No. 171

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Child Support

Robert HERCENBERGER,
*Petitioner,*
*and*

Senadija HERCENBERGER,
*Respondent,*

*v.*

DIVISION OF CHILD SUPPORT,
*Respondent.*

Office of Administrative Hearings
2023CSP33363;
A182476

Argued and submitted January 20, 2026.

Robert Hercenberger argued the cause and filed the briefs *pro se*.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent Division of Child Support. On the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General.

No appearance for respondent Senadija Hercenberger.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner Robert Hercenberger seeks judicial review of a final order of the Division of Child Support (DCS). DCS proposed to suspend petitioner's Oregon driver's license pursuant to ORS 25.750 and OAR 137-055-4420, based on his outstanding child support balance of $12,710. An administrative law judge held a contested hearing and affirmed the suspension determination. Petitioner seeks judicial review. In three assignments of error, he claims that (1) the "[j]udgment is VOID in [this case number] pursuant to challenge the child support"; (2) the "ALJ does not follow the laws"; and (3) the "ALJ denied [petitioner] due process and the equal protection of the law." Respondent DCS responds that petitioner has identified no error in the final order. Respondent Senadija Hercenberger, the child's mother, has not appeared on appeal.

Having considered the briefing and the pertinent parts of the record, we are unpersuaded by appellant's arguments. We note that we have limited our review to claims of error that are properly presented in the opening brief, in particular those that challenge a specific ruling of the agency. *See* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."). We also reject petitioner's assertions of fraud on this court and misconduct by DCS's attorney on appeal, which lack any support in the record.

As we understand it, the crux of petitioner's argument on appeal is that the underlying child support judgment is *void* and is thus unenforceable for any purpose and cannot lawfully be the basis for a driver's license suspension under ORS 25.750 and OAR 137-055-4420. Petitioner is incorrect. *See Shriners Hospitals for Children v. Cox*, 364 Or 394, 401-02, 434 P3d 422 (2019) (describing what makes a judgment void). The judgment is valid and remains in force until and unless the trial court that entered it sets it aside on a legally permissible ground. That has not happened,

and the judgment cannot be collaterally attacked in this proceeding. *State v. McDonnell*, 343 Or 557, 562, 176 P3d 1236 (2007), *cert den*, 555 US 904 (2008) (a voidable judgment is "subject only to direct attack" (internal quotation marks omitted)).

Other than challenging the validity of the underlying child support judgment, petitioner has not identified any cognizable error in the final order suspending his driver's license under ORS 25.750 and OAR 137-055-4420. The order is therefore affirmed.

Affirmed.